We are ready for argument in our first case, 13-2037. Mr. Hoag. May it please the court, counsel. I'm Ray Hoag, and I represent Patricia Hentosh in this civil action. This action raises an important question about subject matter jurisdiction in Title VII and other EEO cases. The question in a nutshell is whether a court can have jurisdiction over a retaliation claim when it lacks jurisdiction over any other claim. That's the issue in a nutshell. To put it more concretely, if I may, I would just like to review the two types of claims, the discrimination and the retaliation claims. Tell me what you mean by lacks jurisdiction over any other claim. A court only has jurisdiction over a discrimination claim or retaliation claim, generally speaking. What's the other claim that you say the court didn't have jurisdiction over? The court did not have jurisdiction in our case over either one, discrimination or retaliation. You said other claim. Did you mean the discrimination claim with respect to which the charge was filed? Is that what you meant by other or did you mean something else? No, it's strictly the two claims, discrimination and retaliation. You're saying the court did not have jurisdiction over the discrimination claim and therefore couldn't have jurisdiction over the retaliation claim. That is correct. And what does NELON tell us about that? NELON presents a general rule. Well, actually, NELON presents an exception to the general rule. The general rule, whether in either a discrimination or a retaliation claim, is that a plaintiff must file a charge with the EEOC and thereby exhaust administrative remedies before the court can have jurisdiction over the claim. And isn't there a distinction between exhaustion of remedies versus timeliness of filing a claim? There indeed is. Exhaustion of remedies is a jurisdictional issue. Timeliness is not a jurisdictional issue. Now, I understand that in, I would note that in some of the arguments by ODU, I believe they've indicated that this is a timeliness issue and it's not. There were certain claims in the first case that were not timely because they preceded the filing of the charge by more than 300 days, but that's not what this case is about at all. This case is about, specifically, it's about tenure. So we're talking about the tenure-related case, claims. And there was... But go back to distinctions between timeliness and exhaustion because that's where you're leading to with respect to the court's jurisdiction. Yes. Timeliness in regard to whether a claimant filed a charge within 300 days or later. If the charge was filed more than 300 days after the events occurred, then it's untimely. But is it administratively exhausted? I think that's the question. Yes. Why? Well, why? And how do you square that with what NELON tells us? Or what NELON does. Right. NELON carves out an exception to the general rule, which in both cases, the general rule is that you must file a charge. NELON carves out an exception for retaliation claims. That's a corollary to a similar exception for discrimination claims. And I think that's important to note that. Well, you know... But what's the exception? The exception, as stated by NELON, is that a plaintiff need not file a charge alleging... I'm sorry. The plaintiff need not exhaust administrative remedies with respect to a retaliation claim if there is an underlying discrimination claim that it can attach to. Now, NELON did not state it that specifically. But the charge, the underlying charge, the discrimination claim in NELON was untimely, was it not? And this court allowed the retaliation claim based on the same set of circumstances, did it not? Creating an exception for retaliation, therefore apparently bringing retaliation within the court's subject matter jurisdiction, even though the discrimination claim out of which it grew was untimely filed. The retaliation... No, it was not. But let me supplement it. In NELON, you had two charges, you had two claims, both of them EEO claims. One was an Equal Pay Act claim, one was a Title VII claim. The retaliation claim alleged broadly that the person had been retaliated against for asserting these rights. Now, it is true that in NELON the discrimination claim was untimely. There had been an exhaustion, but it was determined to be untimely. As is the case here. No, here there was... Here the court ruled that it was an exhaustion of remedies issue in the Hentosh case. But it was untimely. No. That's the... I think part of the confusion in the case is because there are two sets of claims at issue in the Hentosh claim. There was one set of claims that had to do with matters that long predated tenure issues. Those were untimely because they were not within the 300 days. So you're saying the court did have jurisdiction over those claims? The court held it didn't, but the court could have had jurisdiction over those claims. But what it did not have jurisdiction over... Let's make sure we understand what we're talking about. Yes, sir. Because untimeliness is not a basis for not having jurisdiction. Correct, I agree. You're saying timeliness was the reason it dismissed it. So on those claims at least it had jurisdiction. On the claims that were dismissed for untimeliness, it had jurisdiction. That's right. What it did not have jurisdiction over were the claims relating to tenure. It expressly and correctly found that it lacked subject matter jurisdiction over those claims. So what Nealon appears to say is that, as the district court read it, was that even though it didn't have subject matter jurisdiction over the tenure claims, it could nevertheless consider the retaliation claims relating to tenure because they are like or related to the discrimination claims. In your brief you say once the district court determined that Hentos' underlying discrimination claims were not timely before the court and dismissed them, then there are no claims were properly before the court. Are you now saying that you didn't mean to say that those claims were not dismissed as being not timely? They were dismissed as being untimely. The answer goes to the court's... An untimeliness we have discussed does not deal with jurisdiction. It doesn't, but it deals with the exception to the jurisdictional rule, if I may explain. A discrimination charge, generally speaking, has basically a tripartite analysis you can look at. Number one, it has to be there to be subject matter jurisdiction. It has to be supported by a charge. Now, in the discrimination context, if there are other claims, in this case tenure, that are like or related to the claims contained in the charge, then the court has ancillary jurisdiction over them because they're like or related to. Now, here the court found that the tenure claims were not like or related to the claims contained in the charge. Therefore, the court held, and properly held, that it did not have subject matter jurisdiction over the tenure-related claims. Having done that, then you go to the question about retaliation, and retaliation follows the same analysis. Generally speaking, there has to be a charge, but if the retaliation claim is like or related to the discrimination claim, then the court, generally speaking, can have jurisdiction, as long as there is a discrimination claim in play. This is where the major case, subsequently the unpublished case, comes in. One of the reasons that I'm having a little difficulty, in addition to a not entirely clear-cut distinction between timeliness and exhaustion administrative remedies, is that tenure denial comes up in two contexts here. One, as the foundation of a discrimination claim itself, and also in the context of a retaliation claim that she was retaliated against, being denied tenure. I'm having trouble following your argument, both in terms of what charge you're talking about, and what you're saying was dismissed as untimely, or for failure to exhaust administrative remedies. I think Judge Wynn alluded to this. The district court dismissed a Title VII discrimination claim as untimely, and that forms the basis of your argument for lack of subject matter jurisdiction, not an exhaustion of administrative remedies. The district court dismissed some of the claims based on timeliness, and dismissed the non-tenure claims based on timeliness, dismissed the tenure claims based upon subject matter jurisdiction. Now where that leaves us, and in this case where that left us, was all there is now is a retaliation claim. The court is not exercising jurisdiction over anything else. Whether it can or can't, it didn't. So the court now has divested itself of any other charge besides retaliation, and that's exactly where the Mazur case... But you don't have to win the underlying discrimination claim to prevail on retaliation. Oh, absolutely not, but it has to be before the court in order for the court to consider a retaliation claim that wasn't in a charge, and that's important to note as well. Then we're back again to what do you do with Nealon, which seems to me procedurally quite similar, where we remanded a case to allow a plaintiff to pursue her retaliation claims despite affirming the dismissal of her discrimination claim as untimely. That's because in Nealon there was the Equal Pay Act claim that also was supporting the retaliation claim. There still was a discrimination claim before the court that could support jurisdiction of the retaliation claim, and that's the key issue. Yes, the Title VII claim was dismissed, but not the Equal Pay Act claim, and the retaliation claim was that the plaintiff had been retaliated because she filed both, asserted both of those rights. So the presence of the Equal Pay Act claim supported jurisdiction in Nealon, and I see my time is up. Thank you. You have some time on rebuttal. Thank you, Your Honor. Mr. Lundman. I'm sorry, Mr. Norris. Good morning. May it please the Court, my name is Bill Norris. I represent the Appalachian Old Dominion in this matter. With me at counsel table is Ron Regneri from the Office of the Attorney General as well. We are here on a rather unique procedural history in this case where the appellant and the underlying plaintiff, Dr. Hentosch, is challenging the district court's subject matter jurisdiction over a retaliation claim that she brought and proceeded to litigate all the way through summary judgment. You mean you find it passing strange that the charging party is arguing for a limited instruction or limited interpretation of the jurisdiction over retaliation claims under Title VII? Does that strike you as a tad bit odd? It strikes me as gamesmanship, Your Honor. They have litigated this through summary judgment. They have proceeded on the merits of the claim. They have lost that. They are now asking this court for a do-over of that claim so that they can bring a second lawsuit, which has already been filed before the district court, on the exact same claims on the denial of tenure. In doing so, If they are correct on the subject matter jurisdiction, gamesmanship notwithstanding, we would have to go in that direction. They would just be correct. They could bring it up at any time. Absolutely, Your Honor. Jurisdiction may be raised at any point. However, their argument ignores the limited exception that the court set forth in Nilon. In Nilon, the court basically said that you don't have to exhaust a retaliation claim if it arises out of the underlying Title VII charge. In this case, there is no dispute that the retaliation arose from the underlying charge. She filed her charge on May 26, 2010, with the EEOC alleging discrimination. So speak to the appellant's argument about the tenure, non-tenure dismissal of the cases, that part of it was subject matter jurisdiction, part was time barred. In any event, there would be a requirement that there be some claim left on the table that the court has jurisdiction over. Absolutely, Your Honor. The district court actually looked at three different instances in this case. They looked at the discrimination piece from the perspective of the discrete acts in the EEOC charge. Those discrete acts of discrimination all occurred more than 300 days prior to Dr. Hintosh filing her EEOC charge. The court on August 3, in its order, dismissed those as untimely. However, because they were untimely, that's akin to a statute of limitations argument. It is not a jurisdictional basis for the dismissal. It was that 2010 charge that the retaliation of the denial of tenure arose out of, and that's what it related to. So the court actually had jurisdiction over the discrimination piece on the timeliness issue. What the court lacked jurisdiction on was the denial of tenure from a discrimination claim standpoint because discrimination claims have to be independently exhausted for each discrete act, as apart from retaliation claims, which had the NELON exception. For the discrimination on the denial of tenure, the court, in fact, found that it lacked subject matter jurisdiction because it had not been brought in the charge, and therefore they hadn't exhausted their administrative remedies, and the court did not have jurisdiction. The court then examined denial of tenure from the retaliation standpoint, applied NELON because it arose out of the 2010 discrimination charge and found that the NELON exception applied. Is there any real dispute about the claims being reasonably related in terms of retaliation as to discrimination? Is there any dispute about that? No, there's no dispute about that. The plaintiff's basic claim is that she was denied tenure for filing the 2010 charges. NELON actually, I believe, goes a little bit further than what was presented before. In NELON, the district court dismissed the Title VII discrimination and retaliation claim because the plaintiff failed to exhaust those claims. That was a subject matter jurisdiction ruling on the discrimination piece. The Fourth Circuit affirmed that on the discrimination claim. However, they overruled the district court on the retaliation piece, creating the exception that retaliation claims do not need to be exhausted when they arise out of the underlying charge during the pendency of that case before the commission. So in NELON, the district court actually did not have but the court allowed for subject matter jurisdiction to continue on the retaliation piece. In this case, the court did have subject matter jurisdiction over the discrimination charge. They rather found that it was untimely. But having jurisdiction, it is clear that the retaliation claim also had jurisdiction when it was presented to this court. The plaintiff's argument would have this court lose that jurisdiction any time that the discrimination charge is otherwise dismissed for any reason. That cannot be the result because that result would eviscerate the Fourth Circuit's ruling in NELON. It would set it up to where the plaintiff could not rely on this decision in NELON because the discrimination claims could be dismissed at any point factually or procedurally at any point in the litigation, including on appeal. Therefore, plaintiffs that relied on this court's exception in NELON would be facing a predicament if they chose not to fully exhaust their retaliation claim and proceeded on the discrimination part under the appellant's theory of the case. We know that NELON did not get that far because in the NELON opinion, they actually, when they allowed the retaliation claim to proceed despite lacking subject matter jurisdiction, they cited to Wentz v. Maryland Casualty Company, it was an Eighth Circuit case, and they cited to Wentz for the proposition that the retaliation claim remains cognizable even if the discrimination claim is dismissed. That's what we have here. That's why we fall under NELON. There are circuits that require that the underlying charge also be timely filed. Are we foreclosed from revisiting that by NELON? I'm not sure I followed your question, Your Honor. They require that the underlying charge be timely? For a retaliation claim to be within the subject matter jurisdiction of the court without the administrative process, that the charge to which it relates be timely filed. Your Honor, the cases that were relied on by MISU, and MISU basically said that there had to be a case properly before the court, one was a First Circuit case. It was the Franceschi case. I respectfully submit to the court that in that case, the plaintiff had filed the lawsuit prior to being issued a notice of right to sue. So it was presented to the First Circuit on a different procedural basis. She brought her claim before ever exhausting the underlying case. That's not what we have here. I understand, but there are circuits that have adopted the position that the underlying discrimination charge has to be both administratively exhausted and timely filed. Well, that is not what the Fourth Circuit has held, Your Honor. And you think that NELON precludes our following that line of authority? I believe that NELON does preclude that because in NELON, the plaintiff, in fact, did not even need subject matter jurisdiction to proceed with the claim. It's based on those reasons and the practical concern that if you allow for the retaliation claim to be dismissed anytime that a discrimination charge is otherwise lost, even on appeal, that you would put the plaintiff in a precarious situation where they could not rely on NELON. You would also have instances such as this where there was a burden to both the defendant and to the courts when they litigate a case all the way through on the merits. The court then would dismiss the discrimination charge. They would lose jurisdiction over the retaliation piece and would set the entire thing up where the defendant and the courts have the burden of proceeding again on the exact same claim. And that should not be the result in this case. Therefore, we ask that the court find that, indeed, the district court had subject matter jurisdiction under NELON and affirm the result on summary judgment. Thank you very much. Thank you, Your Honors. How can your interpretation of how you'd like us to go in this regard be a positive move for the court in the sense that you're allowing the court to, under the scenario of the defense, to revisit a retaliation claim at a later date? I don't believe that's what we're asking the court to do, Your Honor. But you've refiled this claim in a separate phase. Oh, we have indeed because, and perhaps the procedural posture of this case is telling of why our interpretation should be adopted because, in our case, the district court looked at the discrimination claims relating to tenure and held those tenure claims were not in the original charge. And, indeed, they were not because the original charge was filed long before the tenure business ever came up. So the district court said those tenure issues are not in the original charge and they're not like or related to the issues in the original charge. So, therefore, I have no subject matter jurisdiction to consider them. Now, having received that ruling, we appropriately filed an EEOC charge on a timely basis, which my client has a statutory right to do, and we asked for an immediate right to sue, but the EEOC elected to investigate it. But after the 180-day statutory period, we again requested a right to sue and got it. And so, yes, indeed, we did refile our lawsuit because we wanted the tenure claims heard and the district court originally said it couldn't hear them because it had no subject matter jurisdiction. So it was entirely appropriate for us to refile the case. And I think that brings us to a point that I want to take slight issue with. One thing I believe counsel stated that the tenure claims in Hentosh were not reasonably related... that were reasonably related to the EEOC charge claims. They were not, and the district court so held. In regard to the tenure claims, the district court correctly held, and used it as the basis for its dismissal, that the tenure claims were not reasonably related to the contents of the charge, which had been filed so long back. I had a question about Nealon. When you first came up, you distinguished Nealon on the basis of the fact that there was also an Equal Pay Act claim? Yes. And is that what you say is the analytical distinction with this case? It is. As compared to the Mazer case, it indeed is. I'm not asking about the Mazer case. I'm asking is that what you're relying on as the basis of your distinction from Nealon and the facts before us? Yes. The Nealon case, the court in Nealon properly found there was subject matter jurisdiction because the retaliation claims were based upon both the Title VII and Equal Pay Act activities. But is there an administrative charge filing requirement under the Equal Pay Act? I don't believe so. Then it can't have been based on exhaustion of administrative remedies under the Equal Pay Act because there isn't one. No, it was based upon the fact that there was still a charge, there was still a claim before the court. What's important in Nealon is that the issue in Mazer, which arises now, the court did not even need to address that issue in Nealon. I presume that's probably why the court didn't... I mean, it would have been dicta in Nealon for the court to say, however, if there was no Equal Pay Act claim here, then we would not have jurisdiction. That would have been dicta, and the court had no occasion to address that issue until it got to Mazer. In Mazer, the issue came squarely before the court, and the court correctly found, as did other courts of appeals, that there has to be a claim properly before the court in order for the court to use the exception to hear the retaliation claim. I do believe it's true that some courts characterize... Some courts look only at jurisdiction, and some courts probably also include timeliness in that. And the reason is because, regardless of whatever reason, the discrimination charge is not before the court, whether it's timeliness or jurisdiction, once it's gone, it's gone. And now you have this retaliation claim floating around unsupported by any other claim. It makes much... Judicially, we respectfully submit, it makes much more sense for parties, both plaintiffs and defendants, to understand exactly what Mazer said, is that the court's not going to hear a retaliation claim unless there's some other claim here that it can, at least as the Francisci case says, bootstrap it onto. And that's from a policy point of view also. I think it's important in the law to have analytic consistency. And I'd just like to point out that here, the Mazer interpretation, the Mazer rule, gives analytic consistency because... But to the extent that the district court dismissed Hintosh's claim as untimely, as you point out, that's not jurisdictional. They could have told. That could have been told. So if the district court could have equitably told it, and had jurisdiction at one point, I'm not sure how that jurisdiction evaporates for purposes of at least the jurisdictional question, which is exhaustion of administrative remedies. If, in that scenario, if the district court had chosen, had done as Your Honor suggested, then there may well have been a claim there to support a retaliation claim. But that's not what happened. The district court dismissed all of them. And having done that, the question then becomes, what is, in fact, before the court? And that's... I'm sorry, my time is up. Yes, but please finish your sentence. So from the point of view of a district court, I think the district courts... I think it would benefit the district courts and all the parties if there was a clear rule that everybody knew that there's not going to be a floating, freestanding retaliation claim after everything else has been dismissed. It makes much more sense, and it won't prejudice anybody. Everybody will know the rules. And, in fact, everybody already does know the rules because it was already stated in Mazur, albeit unpublished. Thank you very much. Thank you.
judges: Allyson K. Duncan, James A. Wynn, Jr., J. Michelle Childs